UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRFAN GOKCE, | Case No. C08-523-RSM-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| EDWARD R. KANDLER, et al., | |
| Defendants. | |

Plaintiff, appearing *pro se*, recently filed an application to proceed *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 action. Dkt. No. 1. Plaintiff is currently detained at the Northwest Detention Center in Tacoma, Washington. His Complaint alleges that defendants Immigration Judge Edward R. Kandler, Immigration and Customs Enforcement ("ICE") Attorney Gregory Fehlings, and United States Attorneys John McKay and Helen J. Brenner falsified documents and statements submitted for his application for political asylum. Dkt. No. 5-1 at 3-A. Though he alleges that the defendants' conduct resulted in defamation and "deprivation of life and freedom," his claims consist primarily of evidentiary issues and not that of civil rights. *Id.* at 3-F. Specifically, he desires to press charges on defendants for "conspiracy of production of false evidence, falsified representation, defamation, obstruction of justice, prejudice, perjury, unlawful deprive of freedom and income . . . mockery of justice, and

REPORT AND RECOMMENDATION
PAGE – 1

injustice." *Id.* He seeks ten million dollars from each named defendant, requesting a total of forty million dollars. *Id.* at 4. After careful consideration of the motion, supporting materials, governing law and the balance of the record, the Court ORDERS as follows:

(1) Court DECLINES TO SERVE the Complaint (Dkt. No. 5) because it fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss an action if, among other things, it is frivolous or the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

In order to state a claim for relief under § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *WAX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). This requires the plaintiff to allege facts showing how a specific individual violated a specific right, causing the harm alleged in the plaintiff's complaint. *Arnold v. International Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff fails to allege any facts to support a harm of certain constitutional rights, and his Complaint is therefore frivolous and/or fails to state a claim upon which relief can be granted. The Complaint revolves around facts related to plaintiff's application for political asylum. This application required a psychological evaluation, which resulted in plaintiff's diagnosis of Delusional Disorder (DSM-IV 297.1). Dkt. No. 5-1 at 3-D. Plaintiff alleges in conclusory fashion that all defendants participated in some way to falsify this evaluation. *See generally id.* Plaintiff gives no description as to how they accomplished this. *Id.* Claims of perjury, obstruction of justice, prejudice, and defamation are neither supported by facts nor are they violations of plaintiff's civil rights – a requirement for any §1983 action.

01       Plaintiff's remaining claim of "deprivation of freedom and income" addresses the
02 validity of his confinement, not the conditions of this confinement.  As such, this claim is likely
03 barred by United States Supreme Court precedent.  *See Heck v. Humphrey*, 512 U.S. 477, 489
04 (1994) (holding that a § 1983 claim that calls into question the lawfulness of a plaintiff's
05 conviction or confinement does not accrue "unless and until the conviction or sentence is
06 reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus").  When
07 a plaintiff brings a § 1983 action for damages or injunctive relief, the district court must
08 consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of
09 his conviction, sentence, or confinement.  *Id.* at 487-90.  "[I]f it would, the complaint must be
10 dismissed," unless the plaintiff can demonstrate that the conviction or confinement has already
11 been invalidated, expunged, or otherwise impugned.  *Id.* at 487; *see also Butterfield v. Bail*,
12 120 F.3d 1023, 1024 (9th Cir. 1997).
13       Even if the plaintiff had presented a valid claim, his Complaint still fails to state a claim
14 upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(b)(ii).  Defendants here are
15 governmental actors who enjoy immunity from suit.  *See, e.g.*, *Imbler v. Pachtman*, 424 U.S.
16 409, 427 (1976); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Fry v. Melaragno*,
17 939 F.2d 832, 836 (9th Cir. 1991) (noting that absolute immunity has been granted to "judges,
18 prosecutors, witnesses, officials performing quasi-judicial functions, and legislators").  The
19 plaintiff has filed this action against an immigration judge who denied his application for
20 political asylum and against attorneys performing prosecutorial functions including ICE
21 attorney Fehlings and United States Attorneys McKay and Brunner.  Dkt. No. 5-1 at 2-3.  All
22 four defendants enjoy absolute immunity "so long as the official's actions were within the
23 scope of the immunity."  *Imbler*, 424 U.S. at 419 n.13.  In his Complaint, plaintiff has not
24 presented any evidence to the contrary that defendants were doing any more than their
25 professional duties.
26       (2)    Accordingly, because plaintiff's Complaint is frivolous and fails to state a claim,

REPORT AND RECOMMENDATION
PAGE – 3

01 his request to proceed IFP should be DENIED and this action DISMISSED without prejudice.

02 *See* 28 U.S.C. § 1915(e)(2)(B).  A proposed Order of Dismissal accompanies this Report and

03 Recommendation.  If plaintiff believes that the deficiencies outlined herein can be cured by an

04 amendment to his Complaint, he should lodge an Amended Complaint as a part of his

05 objections, if any, to this Report and Recommendation.

06         DATED this 2nd day of June, 2008.

                                            *James P. Donohue*
                                            _____
                                            JAMES P. DONOHUE
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4